IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCKINNON and KRISTEN TOOL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. d/b/a DOLLAR RENT A CAR; DOLLAR RENT A CAR, INC.; DTG OPERATIONS, INC. d/b/a DOLLAR RENTA A CAR; et al.,<br><br>Defendants. | Case No. CV 12-cv-04457-SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL |

The parties are in the process of briefing two motions in this case: Defendants' motion to exclude the expert testimony of Donald R. Lichtenstein, ECF No. 105, and Plaintiffs' motion for class certification, ECF No. 92.  Defendants have filed motions to seal documents (or portions of documents) submitted in support of their motion to exclude, ECF No. 104 ("Seal Mot. I"), and in opposition to Plaintiffs' motion, ECF No. 106 ("Seal Mot. II").  Neither motion is adequately limited to sealable material, and neither follows the Civil Local Rules.  Nonetheless, some of the information Defendants seek to seal is indeed sealable.  As a

result, and for the reasons outlined below, the motions are GRANTED in part and DENIED in part.

The Court reminds the parties that administrative motions to file documents under seal must be accompanied by (A) a declaration establishing that the document or portions thereof is sealable; (B) a proposed order <u>that is narrowly tailored</u> to seal only the sealable material, and which lists <u>in table format</u> each document <u>or portion thereof</u> that is sought to be sealed. Defendants' motions to file documents under seal are not narrowly tailored, the supporting declarations are insufficient to establish that the information is sealable, and the proposed orders do not contain the required lists in table format. Most importantly, "[c]ourts have recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 & n.7 (1978)). The sealing of documents requires "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records" and "overcome the strong presumption of access to judicial records . . . ." <u>Id.</u> at 1179 (internal citations and quotations omitted). Most of Defendants' explanations for their requests to seal documents are general, boilerplate explanations that fall well short of demonstrating compelling reasons for keeping information from the public.

That said, some of the information Defendants seek to seal is indeed sealable. Many of the documents contain internal sales numbers or statistics that Defendants rightly hope to keep from their competitors. Others contain personal details or contact

2

information that should be kept private.  The motions, therefore, are GRANTED with respect to that sealable material.

However, Defendants' motions strike the Court as exceedingly overbroad in other instances.  For example, Exhibit 2 to Defendants' motion to exclude is the deposition of Donald R. Lichtenstein.  The exhibit contains 250 pages of deposition transcript, and Defendants ask the Court to seal <u>the entire document</u>.  While a small minority of Mr. Lichtenstein's testimony <u>may</u> touch on sensitive issues that might properly be filed under seal, much of the deposition is not sealable.

Moreover, an exemplar of Defendants' repeated and mostly unhelpful justifications for sealing information is that it

> contains sensitive and confidential business information, including summaries of Dollar's total sales information. This information is valuable to Dollar and is not publicly available, and is thus trade secret information as defined in California Civil Code § 3426.1. Revealing this information would harm Dollar vis-à-vis its competitors.

<u>See</u> ECF Nos. 104-1 ("Ward Decl. I") ¶¶ 3, 4, 5; 106-1 ("Ward Decl. II") ¶¶ 5.  Defendants also repeat very similar justifications for sealing information with respect to other documents.  <u>See</u> Ward Decl. II ¶¶ 4, 6, 7, 8, 9, 11(a).  Those justifications are insufficient to convince the Court that there are compelling reasons for sealing significant portions of the information Defendants hope to redact.  Defendants apparently believe that their proprietary training materials and marketing strategy information are <u>always</u> sealable.  They therefore seek to seal any information that references those sources of information, even when the information cited is extremely general and innocuous.  For example, Defendants seek to seal the facts that some of their

3

customers might have credit cards that do not provide rental car insurance and that some corporate customers have contracted with Defendants for rates that include insurance products.  See ECF Nos. 16-16 at 5 (filed under seal), 106-18 ¶ 23 (filed under seal).  As another example, Defendants seek to seal the facts that their rental sales agents receive intensive initial training and then continue to receive ongoing training.  See ECF No. 106-18 ¶ 53 (filed under seal).  In yet another example, Defendants seek to redact the fact that customers can rent cars from Defendant Dollar Rent A Car through travel websites like Expedia.  But Expedia publicly advertises that fact on its website.  See Find Dollar Car Rentals, Expedia, http://rental-cars.expedia.com/car-vendors/dollar-rent-a-car/ (last visited April 16, 2015).  The Court fails to see why public access to that information might harm Defendants.[1]

As a result of Defendants' attempts to seal these and other similarly innocuous pieces of information, the motions to file under seal are GRANTED in part and DENIED in part.  The Court lists in the table below the documents or portions thereof for which the motions are granted or denied.  Normally, Defendants would be required to submit revised redacted versions of these documents consistent with the Court's order.  See Civ. L.R. 79-5(f)(3).

---

[1] The Court also reminds the parties that the protective order in this case provides, regarding designation of material for protection under seal, that:

> Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified . . . shall expose the Designating Party to sanctions.

ECF No. 49 ("Protective Order") at 4-5.

4

However, the Court will permit Defendants, if they choose, to instead submit revised motions to file under seal that are narrowly tailored and supported by declarations adequately explaining the compelling reasons for sealing the information.

The Court admonishes the parties that the Court might not be so lenient with respect to future motions to file under seal. Failure to narrowly tailor future requests to seal or to adequately explain the reasons for sealing information may result in outright denial of the motion and an order to file in the public record.

Defendants' motions to file under seal are GRANTED or DENIED as described in the table below:

| ECF No. (Description) | Ruling on Motion to File Under Seal |
|---|---|
| 104-6 (Motion to Exclude) | GRANTED |
| 104-7 (MTE Ex. 1) | DENIED |
| 104-8 (MTE Ex. 2) | DENIED |
| 106-16 (Class Certification Opposition) | GRANTED IN PART<br>DENIED as to first paragraph on page 4 |
| 106-18 (Cert. Opp'n Ex. 2) | GRANTED IN PART<br>DENIED as to paragraphs 23, 53-60 |
| 106-25 (Cert. Opp'n Ex. 5) | GRANTED |
| 106-28 (Cert. Opp'n Ex. 7) | DENIED |
| 106-29 (Cert. Opp'n Ex. 8) | DENIED |
| 106-30 (Cert. Opp'n Ex. 9) | GRANTED |
| 106-31 (Cert. Opp'n Ex. 10) | GRANTED |
| 106-32 (Cert. Opp'n Ex. 11) | GRANTED IN PART<br>DENIED as to paragraph 22 |
| 106-33 (Cert. Opp'n Ex. 12) | GRANTED |

///
///
///
///

1    The Court hereby ORDERS that Defendants may file either (1) revised redacted versions of the documents they seek to seal consistent with this order, or (2) a revised motion to file these documents under seal that properly tailors the redactions to sealable material and adequately explains the compelling reasons for sealing that material.  Whichever route Defendants choose, they must abide by the seven (7) day deadline set out in Civil Local Rule 79-5(f)(3).

   IT IS SO ORDERED.

   Dated: April 20, 2015

   _____
   UNITED STATES DISTRICT JUDGE