UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA MCKINNON, ET AL.,**<br><br>     Plaintiffs,<br><br>   v.<br><br>**DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., ET AL.,**<br><br>     Defendants. | Case No. 12-cv-04457-YGR<br><br>**ORDER GRANTING MOTION TO INTERVENE AND FILE FIFTH AMENDED COMPLAINT; DENYING MOTION FOR CLASS CERTIFICATION; DENYING MOTION TO EXCLUDE EXPERT AS MOOT**<br><br>Re: Dkt. Nos. 168, 169, 188 |

Plaintiffs[1] bring this putative class action against defendants Dollar Thrifty Automotive Group, Inc., Dollar Rent-a-Car, Inc., and DTG Operations, Inc. The gravamen of the case concerns defendants' alleged practice of selling collision or liability damage waiver policies ("LDW") in connection with vehicle rentals to plaintiffs without providing adequate notice (through signage, oral statements, and otherwise) that the coverage might be duplicative of other policies (e.g., through auto insurance or credit card protection plans) already held by plaintiffs.

Plaintiffs now move this Court to allow Roger Tien and Jaime Gavilan Cabello (the "Putative Intervenors") to intervene in this litigation and for permission to file a fifth amended complaint (Dkt. No. 168-1, "5AC"). (Dkt. No. 168.) Also before the Court is plaintiffs' motion to certify a class with Putative Intervenors as the named representatives. (Dkt. No. 169.) Specifically, plaintiffs seek to certify the following class:

> All persons who reside in the United States who, since January 1, 2009, obtained

---

[1] The putative class action was instituted by Sandra McKinnon. (Dkt. No. 1.) The First Amended Complaint added Kristen Tool as a named plaintiff. (Dkt. No. 26.) On November 18, 2005, the Court granted the unopposed request by Melinda Basker and Chanh Tran to intervene in the case and file a Fourth Amended Complaint naming them as Plaintiff-Intervenors. (Dkt. No. 148.) Now, Roger Tien and Jaime Gavilan Cabello have moved to intervene as Plaintiff-Intervenors. (Dkt. No. 168.) For purposes of clarity, the Court herein refers to all six individuals collectively as "plaintiffs."

>a rental car from a Dollar or Thrifty rental car location operated by defendants at one of the following locations in the State of California: Los Angeles International Airport, Lindbergh Field (San Diego) International Airport, or John Wayne (Orange County) International Airport, where the location failed to post signage regarding Loss Damage Waiver ("LDW") in the manner required by Cal. Civ. Code Section 1936(g)(1), and who were charged for LDW, excluding those who (a) were part of a pre-paid tour reservation or approved LDW as part of a membership program; (b) made a claim and received full coverage under LDW; and (c) received a full refund.

Finally, also before the Court is defendants' motion to exclude the declaration of plaintiffs' expert Dr. Lichtenstein. (Dkt. No. 188.)

Having carefully considered the papers submitted, the record in this case, and the arguments of counsel, and for the reasons set forth more fully below, the Court **ORDERS** as follows: The Court **GRANTS** plaintiffs' motion to allow Roger Tien and Jaime Gavilan Cabello to intervene and plaintiffs' motion to file a fifth amended complaint. The Court **DENIES** plaintiffs' motion for class certification and **DENIES AS MOOT** defendants' motion to exclude the testimony of Dr. Lichtenstein.

**I.   BACKGROUND**

The Court adopts the Background section in its order on March 8, 2016 denying class certification (Dkt. No. 166, "March 8 Order," at 3–7), and adds the following facts relevant to the instant motions.

Plaintiffs ask the Court to allow Tien and Cabello to intervene in this litigation, and to certify a class with the same as the named representatives. With respect to Mr. Tien, plaintiffs allege that on or about January 24, 2014, Mr. Tien "caused to be made an online reservation through Expedia to rent a car from [d]efendants at the Thrifty location at the Los Angeles International Airport." (5AC ¶ 34.) Plaintiffs further allege that at no point, either online or in-person, did Mr. Tien see any signs or receive any brochure or pamphlet warning him that "LDW was optional and that it could duplicate his own auto insurance or LDW coverage provided by his credit card." (*Id.* at ¶¶ 35–36.) As a result, plaintiffs allege that Mr. Tien was overcharged by over $120.00.

With respect to Mr. Cabello, plaintiffs allege that on or about October 18, 2015, Mr. Cabello "caused to be made an online reservation through Cartrawler to rent a car from

1  [d]efendants at their Dollar location at the Los Angeles International Airport." (*Id.* at ¶ 38.)

2  Plaintiffs further allege that at no point, either online or in-person, did Mr. Cabello see any signs

3  or receive any brochure or pamphlets warning him that "LDW was optional and that it could

4  duplicate [his] own auto insurance or LDW coverage provided by a credit card." (*Id.* at ¶¶ 39–40.)

5  As a result, plaintiffs allege that Mr. Cabello was overcharged by over $260.00.

## II. MOTION TO INTERVENE

### A. Legal Framework

Plaintiffs move this Court to allow Roger Tien and Jaime Galvan Cabello to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b)(1):

Under Federal Rule of Civil Procedure 24(a), an applicant seeking intervention as of right must show either that he has an "unconditional right to intervene by a federal statute" or that he meets the following factors: (i) applicant shares an interest relating to the property or transaction that is the subject of the action; (ii) applicant is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect such interest; (iii) and no existing parties adequately represent applicant's interest. Fed. R. Civ. P. 24(a). Additionally, the applicant's motion must be timely. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Failure to satisfy any one of the requirements is fatal to the application, and a court need not reach the remaining elements if one of the elements is not satisfied. *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Under Federal Rule of Civil Procedure 24(b)(1), an applicant, on timely motion, must show either that he has a conditional right to intervene pursuant to a federal statute or that he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In exercising their discretion, courts should "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also In re Benny*, 791 F.2d 712, 722 (9th Cir. 1986).[2]

---

[2] With regards to the timeliness of the motions, both the motions to intervene and the motions for class certification were filed pursuant to this Court's March 8 Order, which ordered

3

**B.     Discussion**

   **1.  Intervention as of Right**

Plaintiffs do not argue that any federal statute grants either Tien or Cabello a right to intervene in this action. Rather, they argue that Tien and Cabello otherwise meet the factors enumerated in Federal Rule of Civil Procedure 24(a) to intervene as of right in this action. The Court disagrees.

Plaintiffs have not demonstrated that the disposition of this matter would "impair or impede" Tien or Cabello's ability to protect their own interests. With regards to this factor, plaintiffs are essentially arguing that the motion for class certification may be negatively impacted if either Tien or Cabello were not allowed to intervene. However, the focus of the Rule 24(a) inquiry is on whether any interest of the putative intervenors would be impaired. Here, Cabello and Tien could each opt out of any class that may be certified and litigate their claims independently. In such cases, courts have found that putative intervenors do not have a right to intervene pursuant to Rule 24(a). *See In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, No. MDL 2672-CRB, 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) (finding no intervention as of right where putative intervenor could opt out of the class settlement and litigate claims independently); *see also Zepeda v. PayPal, Inc.*, No. 10-CV-02500-SBA, 2014 WL 1653246, at *6 (N.D. Cal. Apr. 23, 2014) (citing cases).

Because neither Cabello nor Tien satisfies this requirement, the Court finds that neither has the right to intervene, and the Court need not address the remaining Rule 24(a) factors. *See Perry*, 587 F.3d at 950.

   **2.  Permissive Intervention**

Alternatively, plaintiffs ask this Court to allow Tien and Cabello to intervene permissively pursuant to Rule 24(b)(1). The Court addresses each putative intervenor separately.

    ***a.  Roger Tien***

Tien seeks to intervene in this litigation, bringing similar claims against defendants arising

---

that any amended motions for class certification be filed by May 3, 2016.

4

out of his rental from a Thrifty store at Los Angeles International Airport ("LAX") in January 2014.  Tien brings no new causes of action, but, unlike other plaintiffs in this action, rented from a Thrifty store rather than a Dollar store.  Defendants argue that, on this basis, Tien should not be allowed to intervene, even permissively.  Specifically, defendants argue that Tien would unduly expand the litigation by including Thrifty locations, which have not been part of the litigation.

Defendants primarily rely on the court's decision in *Miller v. Ghirardelli*, No. 12-CV-04936-LB, 2013 WL 6776191 (N.D. Cal. Dec. 20, 2013).  In that case, the court allowed plaintiff to intervene with respect to the existing claims, but denied plaintiff's attempt to raise new claims related to new products also produced by the defendant.  *Id.* at *10.  The court found that the new claims involved "many new products sold in different grocery store departments, marketed by different departments within Ghirardelli, and sold to different consumers" and also involved "[d]ifferent legal issues." *Id.* at *11.

Tien's addition of the Thrifty location at LAX would not, however, result in the same such expansion.  For one, Tien does not seek to raise any new legal issues:  Tien seeks to raise the same causes of action against defendants as the other plaintiffs in the action.  Additionally, although the Thrifty and Dollar stores occupy different locations at LAX, they are managed by the same person. (*See* Dkt. No. 187-16, Tankha Decl. ¶ 1 (indicating that he is the Senior Director of Operations at LAX for the Dollar Thrifty Automotive Group, Inc.).)  Thus, to the extent Tien would require additional discovery, it does not appear that such discovery would be unduly burdensome or cause significant delays in the litigation.[3]

Accordingly, the Court **GRANTS** plaintiffs' motion to allow Roger Tien to intervene as a plaintiff in this litigation.

### b. *Jaime Gavilan Cabello*

With regards to Cabello, defendants do not contend that Cabello does not have a "claim or

---

[3] Plaintiffs have also represented that although discovery has commenced, defendants have not yet produced significant key information.  Additionally, other pre-trial dates have yet to be set thus reducing any likely prejudice to defendants that may arise from Tien's intervention and the addition of discovery related to Thrifty.

5

1  defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.
2  24(b)(1). Cabello, like the other plaintiffs in this action, claims that defendants unlawfully sold
3  him LDW as part of his car rental transaction at a Dollar store at LAX in October 2015. Rather,
4  defendants argue that allowing Cabello to intervene would cause undue delay and prejudice to the
5  other parties because he, unlike the other parties in this litigation, is subject to an arbitration
6  provision. According to defendants, allowing Cabello to intervene would "require the parties to
7  pause and engage in motion practice concerning an arbitration provision that would not apply to
8  any other party." (Dkt. No. 175 at 14.) As defendants indicate, even if the Court were to find that
9  Cabello's claims were not subject to arbitration, such a ruling would be immediately appealable
10 pursuant to 9 U.S.C. § 16(a).

However, defendants do not explain why the Court would not be able to stay claims as to Cabello pending the arbitration and continue with claims relative to plaintiffs who are not subject to arbitration. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 09-CV-05609-SI, 2011 WL 2650689, at *9 (N.D. Cal. July 6, 2011) ("In light of the many parties associated with this multidistrict litigation, as well as the significant amount of time between now and the scheduled trial date, the Court stays all litigation between Nokia and AUO that involves purchases made by Nokia from AUO and Nokia remains free to pursue litigation with the other alleged co-conspirators."). Thus, should defendants move to compel Cabello into arbitration and succeed, the Court could still proceed with the claims of the non-arbitrating parties. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (holding that it is within the court's discretion to stay, or not, the "litigation among the non-arbitrating parties pending the outcome of the arbitration"). In such a circumstance, there would be no prejudice or delay with respect to the other parties in the litigation.[4]

Accordingly, the Court **GRANTS** plaintiffs' motion to allow Jaime Gavilan Cabello to intervene permissively in this action.

---

[4] In the parties' motion and opposition papers, the parties dedicated several pages of argument as to whether the arbitration provision is enforceable as to Cabello. The Court takes no position as to that issue at this time.

6

1   **III.    MOTION TO FILE FIFTH AMENDED COMPLAINT**

2   In the Ninth Circuit, leave to amend "should be granted 'unless amendment would cause
3   prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama*
4   *Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also*
5   *Garrison v. Oracle Corp.*, No. 14-CV-04592-LHK, 2015 WL 1849517, at *5 (N.D. Cal. Apr. 22,
6   2015). Courts have found amendment to be appropriate where plaintiffs' claim the addition of a
7   new named plaintiff is "essential to the success of th[e] action." *See Dominguez v.*
8   *Schwarzenegger*, No. 09-CV-2306, 2010 WL 3447691, at *2 (N.D. Cal. Aug. 30, 2010). And
9   where that new named plaintiff is a member of the proposed class "previously identified, and does
10  not raise any new claims," courts have found that defendants will not be prejudiced for lack of
11  notice. *Id.* Here, Cabello and Tien raise no new causes of action and fall within the broad class
12  proposed by plaintiffs.

13  Defendants' primary argument against allowing plaintiffs to file a fifth amended complaint
14  is that it would cause undue delay and prejudice to defendants at this late stage of the litigation.
15  However, as discussed above, plaintiffs filed a motion to intervene and file a fifth amended
16  complaint to comply with the Court's March 8 Order, which instructed them as to the deficiencies
17  in their previous motion for class certification. To that end, the Court does not find that the filing
18  of a fifth amended complaint would create undue delay here.[5]

19  Thus, the Court **GRANTS** plaintiffs' motion for leave to file a fifth amended complaint.[6]

---

[5] Defendants also argue that the Court should exercise its discretion and deny the request to file a fifth amended complaint because it would be futile as to Cabello who is subject to an arbitration provision. For the same reasons the Court rejected that argument with regards to the motion to intervene, the Court also rejects that argument in this context.

[6] Defendants also argue that plaintiffs should be barred from including in the fifth amended complaint claims and theories already rejected by the Court. Such arguments, however, are better reserved for a motion to strike. Additionally, as plaintiffs indicate, some of the allegations of which defendants complain remain relevant as to each plaintiff's individual claims. Should the 5AC however, include claims and allegations that bear no further relevance in this action, the Court will entertain a motion to strike the same.

## IV. MOTION TO CERTIFY CLASS

### A. Legal Framework

Under Federal Rule of Civil Procedure 23(a), the Court may certify a class only where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Courts refer to these four requirements as "numerosity, commonality, typicality[,] and adequacy of representation." *Mazza v. Am. Honda Motor Co. Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). In addition to the four requirements set forth in Rule 23(a), most courts have implied an additional threshold requirement that the members of the class be readily ascertainable. *See Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (finding that "the party seeking certification must demonstrate that an identifiable and ascertainable class exists").

Once plaintiffs establish that the threshold requirements of Rule 23(a) are met, plaintiffs must then show "through evidentiary proof" that a class is appropriate for certification under one of the provisions in Rule 23(b). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Here, plaintiffs seek certification under Rule 23(b)(2) and Rule 23(b)(3).

Rule 23(b)(2) requires plaintiffs to establish that the "party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Class certification under Rule 23(b)(2) is appropriate only where the primary relief is declaratory or injunctive." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (citation omitted). In a class action "predominately for money damages . . . th[e] absence of notice and opt-out violates due process" and renders certification of a Rule 23(b)(2) class inappropriate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011).

Rule 23(b)(3) requires plaintiffs to establish "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the

8

1  controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry focuses on "whether proposed

2  classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler*

3  *Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S.

4  591, 623 (1997)).

### B. Background

Plaintiffs seek to certify one single class with Tien and Cabello as the proposed class representatives for the following claims only: (i) California's Unfair Competition Law, Cal. Bus. & Prof. Code sections 17200 *et seq.* ("UCL") under the "unlawful" prong; (ii) California Consumer Legal Remedies Act, Cal. Civ. Code section 1770 ("CLRA"); and (iii) unjust enrichment. The proposed class definition is as follows:

> All persons who reside in the United States who, since January 1, 2009, obtained a rental car from a Dollar or Thrifty rental car location operated by defendants at one of the following locations in the State of California: Los Angeles International Airport, Lindbergh Field (San Diego) International Airport, or John Wayne (Orange County) International Airport, where the location failed to post signage regarding Loss Damage Waiver ("LDW") in the manner required by Cal. Civ. Code Section 1936(g)(1), and who were charged for LDW, excluding those who (a) were part of a pre-paid tour reservation or approved LDW as part of a membership program; (b) made a claim and received full coverage under LDW; and (c) received a full refund.

With regards to the proposed class, plaintiffs argue that they can recover for any sales of LDW from January 1, 2009 through the present (the "Class Period") on the theory that defendants failed to post signage at Dollar and Thrifty locations at three airports in California in compliance with California Civil Code section 1936(g), which provides, in pertinent part: "A rental company that offers or provides a damage waiver . . . shall clearly and conspicuously disclose [certain] information in the rental contract or holder in which the contract is placed and, also, in signs posted at the place, such as the counter, where the renter signs the rental contract."

In this context, the Court finds, as discussed below, that the proposed class fails to meet the commonality requirement of Rule 23(a). Further, as discussed below, even considering narrower classes that could meet the commonality requirement, the proposed class representatives fail to meet the typicality requirement of Rule 23(a). As a result, the Court does not reach the questions of whether plaintiffs meet the adequacy requirement of Rule 23(a) or any of the requirements of

United States District Court
Northern District of California

Rule 23(b). *See Wal-Mart*, 564 U.S. at 350–51 ("[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." (internal quotations and citations omitted)); *see also Sandoval v. Sonoma*, No. 11-CV-5817-TEH, 2015 WL 4148261, at *6 (N.D. Cal. July 9, 2015).[7]

### 1. Commonality

Rule 23(a)(2) requires that the party seeking certification show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, a common question "must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. The existence of common questions itself will not satisfy the commonality requirement, and instead, "[w]hat matters to class certification . . . is . . . the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. at 350 (citation omitted) (emphasis in original).

Plaintiffs propose two questions that they claim are common as to the entire class: (1) whether defendants provided the disclosures and material information in signs posted at their rental locations at LAX, San Diego, and Orange County in the manner required by the applicable law in a clear and conspicuous manner, if at all; and (2) what is the proper scope of relief to address such practices. Defendants, on the other hand, contend that, given the varied presence of signage across the seven-year long Class Period at three different airports, plaintiffs' evidence fails to demonstrate that potential class members were uniformly exposed to omitted or inadequate signage. The Court agrees.

The Ninth Circuit's decision in *Berger v. Home Depot*, 741 F.3d 1061 (9th Cir. 2014) presents an analogous situation. There, plaintiffs also based their motion for class certification as to a particular subclass on the lack of signage at Home Depot stores that would alert customers to

---

[7] Defendants do not contest that the proposed class is sufficiently numerous for the purposes of class certification, and the record submitted by plaintiffs on this issue demonstrates that the proposed class readily meets this requirement. Accordingly, the Court does not address the numerosity requirement separately.

10

the optional nature of a particular damage waiver. *Id.* at 1069. The subclass at issue was comprised of individuals who entered into a rental agreement with Home Depot stores throughout California from July 2002 to February 2005 and were charged with allegedly unlawful damage waivers. *Id.* at 1066. The Ninth Circuit held that with respect to that subclass, the "variance over time and among the different Home Depot locations throughout California is a crucial issue, which the district court reasonably held must be resolved on an individual rather than a class-wide basis." *Id.* at 1069.

Similarly here, the variance across time and across the different locations for Dollar and Thrifty preclude certification of the proposed Class. The evidence submitted by the parties demonstrates the following:

With regards to LAX, the evidence demonstrates that the signage at the Dollar and Thrifty store varied over the years. For instance, between 2009 and 2014 at the Dollar location, the signs containing the section 1936(g) disclosures were in plastic frames that were laid flat against the counter tops. (Dkt. No. 194-2 at 6–7.) At some point during this period, they were placed in vertical, movable frames, which the managers were charged with displaying daily. (*Id.*) In August 2014, Dollar moved to a new location at LAX, and the evidence suggests that for some period of time, the facility lacked the requisite signage. (*Id.*) In February 2015, the evidence demonstrates that a sign was posted in the facility, which remained there until defendants replaced the sign in January 2016. (*Id.*) As to the Thrifty store at LAX, the evidence suggests that the signage remained the same from approximately December 2013 through January 2016. (Dkt. No. 187-16, Tankha Decl. ¶¶ 8–12.)

With regards to the San Diego airport, the evidence similarly demonstrates varied signage throughout the Class Period. At the Dollar location, the evidence demonstrates that for a period beginning prior to 2012 through September 2014, defendants posted the section 1936(g) disclosures in movable frames that were placed in the store daily. (Dkt. No. 194-2 at 8.) At some point during this period, defendants also posted a sign that was fixed to the rental counter. (*Id.*) Between September 2014 and January 2016, the Dollar store was located in a temporary trailer at which Dollar posted the section 1936(g) sign starting in May 2015. (*Id.*) Additionally, Dollar had

11

1  several movable signs that were placed on top of the counters. (*Id.*) Since January 2016, the

2  evidence demonstrates that defendants have placed a sign on a wall behind the counter. (*Id.*)

3  With respect to the Thrifty store in San Diego, the evidence indicates that between September

4  2014 and January 2016, Thrifty and Dollar shared the same space and signage. (*See* Dkt. No. 159-

5  4, Gonzalez Dep. Tr. 12:2–7; 15:12–22.)

6  And finally, with regards to the Orange County airport, the evidence shows that prior to

7  2013, defendants only operated a Thrifty store. (Dkt. No. 159-5, Landazuri Dep. Tr. 10:6–22.) At

8  such Thrifty store, movable placards containing the section 1936(g) disclosures were placed on the

9  counters daily. (Dkt. No. 187-11, Landazuri Decl. ¶ 3.) In 2013, defendants closed the Thrifty

10 branded counter when it opened a Dollar store at the Orange County airport. (*Id.* at ¶ 4.) With

11 respect to the Dollar store which opened in 2013, the evidence shows that this location had two

12 floors, each with similar layouts. (Dkt. No. 194-2 at 9–10.) Until August 2014, such location had

13 signs displayed on movable placards that were at times removed for overnight cleaning and may

14 not have been re-displayed for short periods. (*Id.*) From August 2014 through the present, this

15 Dollar location has included a large electronic sign, which displays the section 1936 disclosures.

16 (*Id.*)

17 In light of the record submitted to the Court by the parties, the Court finds that plaintiffs

18 have not sufficiently limited the class definition to times and locations where they can establish a

19 lack of signage with common evidence applicable to the entire proposed class. Plaintiffs'

20 proposed class definition would involve individualized assessments of each location at different

21 times to ascertain whether (1) signs were present and (2) if so, whether the signs were sufficient

22 under Cal. Civ. Code 1936(g)—i.e., contained the requisite information and were "clearly and

23 conspicuously" placed.[8] Accordingly, the Court finds that plaintiffs' proposed class does not

---

[8] The cases cited by plaintiffs in support of class certification are factually distinguishable and therefore do not persuade. *Sobel v. Hertz Corp.*, 291 F.R.D. 525, 530–31 (D. Nev. 2013) (involving a fee charged to all customers and uniform deceptive practice rather than allegations that defendants failed to have adequate signage disclosing the fee); *Schwartz v. Avis Rent-a-Car Sys., LLC*, No. 11-CV-4052-JLL, 2014 WL 4272018, at *9–10 (D.N.J. Aug. 28, 2014) (finding that defendants' actions were uniform where the "surcharge information was presented in similar manner to most Avis customers" in a standard form contract for the class period); *Pro v. Hertz Equipment Rental Corp.*, No. 06-CV-3830-DMC, 2008 WL 5218267, at *4 (D.N.J. Dec. 11, 2008)

satisfy the commonality requirement of Rule 23(a), and can thus not be certified.

Notwithstanding, and in the interest of justice and judicial efficiency, the Court *sua sponte* considers whether either Cabello or Tien could represent the following narrower classes, which could satisfy the Rule 23(a) commonality requirement based on the evidence submitted by the parties:

> With respect to Cabello: All persons who reside in the United States who, between February 2015 and January 2016, obtained a rental car from the Dollar rental location operated by defendants at Los Angeles International Airport, and who were charged for LDW, excluding those who (a) were part of a pre-paid tour reservation or approved LDW as part of a membership program; (b) made a claim and received full coverage under LDW; and (c) received a full refund.
>
> With respect to Tien: All persons who reside in the United States who, between December 2013 and January 2016, obtained a rental car from the Thrifty rental location operated by defendants at Los Angeles International Airport, and who were charged for LDW, excluding those who (a) were part of a pre-paid tour reservation or approved LDW as part of a membership program; (b) made a claim and received full coverage under LDW; and (c) received a full refund.

The Court thus proceeds to the next Rule 23(a) factor as to these two narrower classes.

### 2. Typicality

To satisfy typicality, plaintiffs must establish that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotations and citation omitted).

Here, plaintiffs claim that potential class members were injured when they purchased LDW coverage at Dollar and Thrifty locations at LAX at a time where either a sign was not

---

(finding that questions raised are common assuming that defendant used a form contract or variations on a form contract and standardized sales tactics).

13

1   present or was inadequate, in violation of Cal. Civ. Code 1936(g).  Plaintiffs are seeking to certify

2   the class pursuant to the UCL unlawful prong, the CLRA, and their claim for unjust enrichment.

3   Each requires a showing of causation, at the very least as to the named representative.  *See*

4   *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011) (stating that the UCL requires that a

5   plaintiff's economic injury "come 'as a result of' the unfair competition"); *see also In re Steroid*

6   *Hormone Prod. Cases*, 181 Cal. App. 4th 145, 154, 156 (2010) (holding that a named plaintiff in a

7   UCL class action under the unlawful prong "must show that he or she suffered injury in fact and

8   lost money or property as a result of the unfair competition" and under the CLRA both the named

9   plaintiff and "unnamed class members must have suffered some damage caused by a practice

10  deemed unlawful"); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (2009) ("The language

11  of the CLRA allows recovery when a consumer 'suffers damage as a result of' the unlawful

12  practice."); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (explaining that

13  in California, unjust enrichment describes the "theory underlying a claim that a defendant has been

14  unjustly conferred a benefit 'through mistake, fraud, coercion, or request'" (citation omitted)).[9]

15        Neither Cabello nor Tien can show that the lack of signage or presence of inadequate

16  signage caused them to purchase LDW.  Both have indicated that they did not authorize

17  defendants to charge them fees for LDW.  For instance, in Tien's letter to defendants complaining

18  about the LDW charge, he states the following:  "I did not request for any loss damage and waiver

19  or liability insurance, and nobody at the rental counter offered me the option of signing up for any

20  waiver or insurance.  However, without my knowledge or authorization, a daily loss and damage

21  waiver fee and liability insurance fee were charged to my credit card on file."  (Dkt. No. 187-25 at

22  2.)  Additionally, when asked at his deposition, Tien stated that no one asked him if he wanted to

23  purchase LDW.  (Dkt. No. 187-14, Tien Dep. Tr. 42:16–20.)  He also testified that he told the

24  agent he did not want any liability insurance because he was already covered.  (*Id.* at Tr. 46:2–

---

[9] The Ninth Circuit in *Astiana* noted that "unjust enrichment" is not a standalone cause of action in California, but that courts may construe it is a quasi-contract claim seeking restitution. *Astiana*, 783 F.3d at 762.

14

13.)[10] With respect to Cabello, he testified at his deposition that he declined coverage twice and was still charged the fees. (Dkt. No. 194-5, Cabello Dep. Tr. 39:3–40:15.)

As such, neither Cabello nor Tien can show that their injuries were caused by the lack of signage at the Dollar and Thrifty locations from which each rented a vehicle, and thus, neither is a typical class representative. The Court found similarly with respect to Basker in its order on plaintiffs' first amended motion for class certification. The Court noted that "Basker alleges that she specifically declined LDW because she knew she was otherwise insured, but was nevertheless fraudulently charged for LDW." (Dkt. No. 166 at 11.) The Court stated that "[f]or the typicality requirement to be satisfied, the representative plaintiff would need to be similarly situated to the absent class members by having intentionally purchased LDW in circumstances in which the requisite disclosures were lacking." (*Id.*) Additionally, the Court expressed concern in its previous order that Basker "may lack standing to assert a claim premised merely on the absence of mandatory LDW disclosures" because she could not "demonstrate that the absence of such disclosures caused her purported injury." (*Id.*)

Because neither Tien nor Cabello satisfy the typicality requirement of the Rule 23(a) analysis, the Court need not address the remaining Rule 23(a) or 23(b) factors. Thus, and as this is plaintiffs' third attempt at class certification, the Court **DENIES WITH PREJUDICE** plaintiffs' motion for class certification.[11]

## V.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows: The Court **GRANTS** plaintiffs' motion to allow Roger Tien and Jaime Gavilan Cabello to intervene permissively in this litigation

---

[10] Plaintiffs point to one part of Tien's deposition testimony that may support his claim as a class representative. At one point, he noted that if there were a sign, he would have paid attention to it. (*Id.* at Tr. 95:11–15 ("Q: Would the signs -- would having a sign have been helpful to you? A: Of course. If there's a sign -- sign, I'm -- I would pay much attention to it. But I didn't see any signs there.").) However, in light of his other testimony and letter to defendants, it appears that Tien did not intend to purchase LDW because he knew he was otherwise covered, which would make him atypical of the class.

[11] The Court further **DENIES AS MOOT** defendants' *Daubert* motion regarding the declaration of plaintiffs' expert Donald Lichtenstein (Dkt. No. 188) because certification is not justified even if those opinions were to be given appropriate weight.

and plaintiffs' motion to file a fifth amended complaint. The Court **DENIES WITH PREJUDICE** plaintiffs' motion for class certification and **DENIES AS MOOT** defendants' motion to exclude the opinions of Dr. Lichtenstein.

The Court hereby **SETS** a case management conference for **Monday, December 12, 2016** at **2:00 p.m.** in the United States Courthouse, 1301 Clay Street, Oakland, California, Courtroom 1. By **December 5, 2016**, the parties shall file a case management statement consistent with the requirements of the Local Rules and this Court's Standing Order in Civil Cases.

This Order terminates Docket Numbers 168, 169, and 188.

**IT IS SO ORDERED.**

Dated: November 7, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**